UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00116-MR

| | |
|---|---|
| JUAN ESPINAL ZAMORA, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>GARY MCFADDEN, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. [Doc. 1].

**I.    BACKGROUND**

On March 19, 2021, Petitioner filed the instant pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. [Doc. 1]. Petitioner alleges that he has been been held at the Mecklenburg County Jail (the "Jail") since June 17, 2019 and "was denied due proccess [*sic*] to handle [his affidavit]." [Id. at 2]. Petitioner claims four grounds for relief under § 2241, including Fifth and Eighth Amendment violations, "terrorism," and an unintelligible laundry list of violations of "constitutional [*sic*] provisions." [Id. at 6-7]. Petitioner alleges that he has not appealed the action or decision he is now challenging. [Id.

at 2-3, 5-7]. Plaintiff seeks immediate release from detention, that all charges against him be dropped, and a "full accoutment [*sic*]." [Id. at 7].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that this petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment. Relief under § 2254, therefore is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Under § 2241, federal habeas corpus relief is available for persons in custody regardless of

the status of the case pending against them or whether final judgment has been rendered against them. United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995).

Although § 2241 contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, Plaintiff has not fully exhausted state remedies. Petitioner alleges that he has not appealed any of the issues about which he now complains. See Richardson v. Thompson, No. 4:15-2638-RBH-TER, 2015 WL 7422709, at *2 (D.S.C. Sept. 30, 2015) ("As a general rule, a federal court will not entertain a petition for a writ of habeas corpus filed by a person

in state custody, unless that person has first exhausted all available state court remedies.") (citations omitted).

As such, Plaintiff failed to exhaust his state remedies before filing this action. Because Petitioner failed to exhaust his state court remedies, this petition is not properly before the Court. The Court will, therefore, dismiss it without prejudice.

Moreover, while federal courts have the jurisdiction to grant federal habeas relief in advance of trial, <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute." <u>Martin Marietta Corp. v. Md. Comm'n on Human Relations</u>, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). In <u>Younger</u>, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43-44. Under the <u>Younger</u> abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. <u>Emp'rs Res. Mgmt. Co. v. Shannon</u>, 65 F.3d 1126, 1134 (4th Cir. 1995).

Here, the Younger elements are met. Petitioner has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to Younger abstention and necessitate federal intervention. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Court would, therefore, abstain from addressing Petitioner's claims while state court criminal charges are pending against him in any event.

The Court will, therefore, deny and dismiss Petitioner's § 2241 petition without prejudice.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice**.

The Clerk is directed to terminate this action.

Signed: March 25, 2021

Martin Reidinger
Chief United States District Judge